In the matter of Beams.

## SUPREME COURT.

In the matter of the petition of FREDERICK J. BEAMS and others to vacate assessment for flagging, &c., Mott street.

A resolution of the common council of the city of New-York, adopted by one board in one year, and by the other in the succeeding year, an election of one or both boards having taken place intermediate, is invalid. (*Wetmore* agt. *Story*, 22 *Barb.* 414.)

The act of 1858, "in relation to frauds in assessments for local improvements in the city of New-York," authorizing an application by an aggrieved party to a justice of the supreme court to vacate any assessment, &c., applies to assessments made either *before* or after its passage.

*New-York Special Term, May,* 1859.

ABRAHAM R. LAWRENCE, JR., *for petitioner.*
RICHARD BUSTEED, *corporation counsel, for the city.*

INGRAHAM, Justice. This petition is presented under the act of 1858 (*p.* 574), to set aside an assessment for flagging in Mott street, on the ground of irregularity. The resolution and ordinance under which the work was done were adopted during different years in the common council, the same having been passed by the board of councilmen in February, 1855, and by the board of aldermen in August, 1856. It is unnecessary for me to express any opinion upon the question whether an act of the common council can be valid, which was adopted by one board in one year, and by the other in the succeeding year, an election of members of one or both boards having taken place intermediate the action of the two boards. The general term of this district, in *Wetmore* agt. *Story* (22 *Barb.* 414), have held that such an act is not valid as a resolution of the common council. Whatever may be my views of that question, I am controlled by this decision. Considering this question as settled by the supreme court, it is clear that there has been a legal irregularity in the passing of the ordinance, and that any proceedings under it are unauthorized. The counsel for the corporation, however, objects that, inasmuch as the act was passed after the assessment was laid, the same is not affected by that law, and that the statute under which this relief is sought was not intended to be retroactive in its operation, but should be confined to assessments thereafter laid. I was at first inclined to adopt such a conclusion, from the manifest impropriety of the passage of laws which, in their operation, were to affect existing rights, and if such was the effect of this proceeding, I should still be disposed to adopt the rule. The act itself is sufficiently comprehensive to cover both classes of assessments, those adopted and assessed before the passage of the statute as well as afterwards. But, upon more reflection, I have come to the conclusion that there is nothing in the case which will prevent the operation of the act upon assessments laid previous to its passage. There are no rights acquired which are affected by it. If the assessment was illegal and void, in consequence of the illegal passage of the ordinance, no right was acquired

under such assessments which could be legally enforced. A full and ample remedy now exists by action against any one attempting to enforce an illegal assessment, although such remedy is difficult and not often resorted to on account of its expense, and perhaps uncertainty attending a long litigation. The legislature have, by the present statute, provided an easier, cheaper, and more expeditious mode of attaining the same result. I can consider the proceeding as only affecting or adding to the remedy, and not interfering with vested rights, and in that view the statute should be sustained. I concur in the opinion of Mr. Justice DAVIES in the case of the assessment for flagging Fifty-fourth street, as to the beneficial operation of this act. To those whose interests are most affected by illegal assessments, it affords a very suitable remedy, without rendering it necessary for them to incur the hazard and delay which would follow from the old mode of relief, viz.: to contest the legality of the proceedings after the property has been sold for the assessment, and then assuming the risk that by an adverse decision they may lose the property so sold. My conclusions are that the statute applies to assessments made either before or after its passage ; that in the present case the proceedings were irregular, and that judgment must be rendered declaring such assessment vacated, and directing that the lien created thereby shall cease.