IN THE MATTER OF THE PETITION OF MICHAEL TREACY, to vacate an assessment for paving Eighth avenue with trap block, between Forty-second and Fifty-eighth streets.

The statute of 1870 (*ch*. 383) is applicable to assessments made prior to its passage, and is not unconstitutional.

Where an application is made, since that statute, to vacate an assessment made previous to its enactment, it must be governed by the law as it now stands; and if it appears upon the hearing, that by reason of irregularities, the expense of the improvement has been unlawfully increased, the court should not *vacate* the assessment, but direct that it be *reduced* by the amount of the unlawful increase of expense included therein, to be ascertained and calculated in the manner pointed out in the statute. (§ 27.)

APPEAL from an order made at a special term, vacating an assessment.

Michael Treacy presented a petition to the court, stating that at the date of the confirmation of the assessment hereinafter mentioned, the petitioner was and still is the owner of the lots hereinafter mentioned and described, and the party aggrieved by said assessment. That on the 15th day of May, 1868, an assessment for paving Eighth avenue with trap block pavement, between Forty-second and Fifty-eighth streets, in the city of New York, was confirmed by the board of revision and correction of assessments of said city, and imposed upon a certain lot therein known and distinguished by ward No. 36, in block No. 104, and that said assessment now constitutes a lien upon said lot. That said assessment was irregular and fraudulent, for the reason that there was included in said assessment, and assessed upon the property therein mentioned and described, including the lot aforesaid, a sum of money for work not authorized or called for by the ordinance in pursuance of which said assessment was laid, and for the further reason that said assessment was never confirmed by the common council of the city of New York. Wherefore the petitioner prayed that said assessment be vacated, and that the lien or liens created thereby, or by any sub-

sequent proceedings, cease, so far as the same affect the lots of the petitioner, and that the commissioner of public works, collector of assessments and comptroller of the city of New York, be ordered and directed to cancel and discharge the same upon the records of their respective offices, so far as the same affect said lots.

Accompanying this petition was a notice, dated November 7, 1870, stating that it would be presented to the Supreme Court, at a special term thereof, to be held at chambers, at the city hall of the city of New York, on the fifth day of December, 1870, and proofs furnished of the several matters alleged in said petition; and a motion would thereupon be made that the prayer of said petition be granted.

Pursuant to said notice, the following proof was taken on the 5th day of December, 1870 : 1st. It was proven that on the 15th day of May, 1868, the petitioner was, and now is, the owner of the property mentioned in the petition. 2d. The assessment for paving Eighth avenue with trapblock pavement, from Forty-second to Fifty-eighth street, was produced. This assessment was confirmed by the board of revision and correction of assessments on the 15th day of May, 1868, and is the same assessment mentioned and referred to in the petition herein. It appears by said assessment that an assessment was imposed upon lots known and distinguished therein by the ward No. 36, in block No. 104, to Michael Treacy as owner. It also appears by said list that there were 22,410 square yards of pavement laid, at a cost of $2.57 per square yard, and that there is included in said assessment, and assessed upon the property owners, including the property of the petitioner, the cost of laying 11,622 square feet of new bridge stone, at eighty-nine cents per square foot, amounting to $10,343.58, and that the whole of such assessment is $73,336.01.)

The ordinance authorizing the pavement of said Eighth

In the matter of Treacy.

avenue, for the cost of which said assessment was laid, directed "that Eighth avenue, from Forty-second street to Fifty-eighth street, be paved with Belgian or trap block pavement, under such directions as shall be given by the Croton Aqueduct department, who may appoint an inspector thereon, and one of the city surveyors."

The assessment for the paving so authorized having been made, was entered in the street commissioner's office containing the record of titles of assessments, and the book in the office of the clerk of arrears containing the record of titles of assessments confirmed, with the date of such entry, the title of the assessment, and the date of its confirmation.

It was admitted that the bridge stones above mentioned were used in the construction of crosswalks at the intersection of the streets which cross Eighth avenue between Forty-second and Fifty-eighth streets, and that said bridge stones are of a different size and quality from Belgian pavement, and are more expensive. The assessment was never confirmed by the common council. Upon the foregoing proof, hearing was had before the Hon. Justice BRADY, at special term, on the 11th day of April, 1871, and thereupon an order was made, granting the prayer of the petition, and ordering and adjudging that the assessment for paving Eighth avenue with trap block pavement, between Forty-second and Fifty-eighth streets, in the city of New York, confirmed 15th of May, 1868, and imposed upon lot known and distinguished in said assessment by ward No. 36, in block No. 104, be and the same was thereby vacated, and that the lien or liens created thereby, or by any subsequent proceeding, cease, so far as the same affect said lot, and that the commissioner of public works, collector of assessments, and comptroller of the city of New York be, and they were each thereby directed to cancel and discharge said assessment, and said lien or liens,

upon the records of their respective offices, so far as the same affect said lot.

From this order the mayor, &c., appealed.

*Richard O'Gorman* and *A. J. Vanderpoel,* for the mayor, &c., of New York, (appellants.)

I. The only question to be argued in this court, on this appeal, is whether the assessment should have been vacated or reduced pursuant to the statute, chapter 383, laws of 1870. 1. That statute was enacted on the 26th day of April, 1870, page 881, seven months prior to the initiation of this proceeding. Section 27, page 903, provides that if, upon the hearing of proceedings brought pursuant to the act known as chapter 338 of the laws of 1858, entitled, &c., " it shall appear that the alleged fraud or irregularity has been committed, the assessment shall be vacated or modified, as hereinafter provided. If, upon such hearing, it shall appear that by reason of any alleged irregularity the expense of any local improvement has been unlawfully increased, the judge may order that such assessment upon the lands of said aggrieved party be modified, by deducting therefrom such sum as is in the same proportion to such assessment as is the whole amount of such unlawful increase to the whole amount of the expense of such local improvement."

It, therefore, seems plain that the remedy to be administered by the judge at special term, is that defined by the law existing at the time the petitioner brought his proceeding, viz., a reduction of the assessment. 2. The respondent will doubtless contend that the question is *res adjudicata* in this court, since the recent decision in the cases of *Eager,* (58 *Barb.* 557,) and *Remsen,* (59 *id.* 317.) Submitting to the decisions in those cases, we beg leave to suggest the following difference between the facts in those cases and the case at bar, which seems to have an important bearing upon the question whether the remedy

In the matter of Treacy.

in this case shall be administered pursuant to the act of 1858, or pursuant to the act of April 26, 1870. Both the *Eager* and the *Remsen* petitions were presented, and the proofs taken, previous to the enactment of the act of April 26, 1870. The remedies had been initiated. In the *Eager* case the general term say: "We have heretofore held that the act of 1870 did not apply to cases which had arisen before the passage of the act, but that such act was prospective only in requiring the amounts erroneously assessed to be deducted." The case at bar was commenced in November, 1870, more than six months subsequent to the enactment of the law which defines the remedy which should be administered. The appellants, therefore, do not ask that the act should be interpreted and applied otherwise than prospectively. They ask that the appropriate remedy defined by the statute should be applied to a case initiated subsequently to the enactment of the statute. The operation and effect of the act of 1858, until modified by the act of 1870, was very burdensome and unjust. (*In the matter of Beams*, 17 *How.* 459. *In the matter of Palmer*, 40 *N. Y.* 561. *Litch* v. *Brotherson*, 16 *Abb.* 384. *Butler* v. *Palmer*, 1 *Hill*, 331. *Church* v. *Rhodes*, 6 *How. Pr.* 281.) 3. If the act be considered retrospective, as affecting the remedy to which the petitioner became entitled when the assessment was confirmed on the 15th day of May, 1868, it is yet valid, and properly applicable to the case at bar. "Retrospective acts which do not impair the obligation of contracts, or partake of the character of *ex post facto* laws, are not forbidden." (*Satterlee* v. *Mathewson*, 2 *Pet.* 413.) The statute in question does not affect any right of the petitioner; it merely prescribes the method of enforcing his right to be relieved of the illegal charge. His right is the same now as before the statute was enacted; under the new statute the same relief against his grievance is given in a more convenient and appropriate manner. Under the former statute of 1858, the entire

assessment was directed to be set aside, and a reassessment laid for the amount properly chargeable; under the law of 1870, only the illegal charge is set aside, and the assessment reduced to the proper amount. The act in question affects the remedy only; it deprives the petitioner of no right to relief to which he was theretofore entitled. It should therefore be applied to all proceedings commenced subsequent to its enactment. (*Litch* v. *Brotherson*, 16 *Abb.* 392. *Aymer* v. *Gault*, 2 *Paige*, 284. *People* v. *Tibbets*, 4·*Cowen*, 384.) It is in the undoubted power of the legislature to enact remedial statutes having a retrospective effect. In *Calder* v. *Bull*, (3 *Dall.* 386, 391,) Chase, J., says: "There are cases in which the laws may justly, and for the benefit of the community and individuals, relate to a time antecedent to their commencement." (*See also Mann* v. *Eckford*, 15 *Wend.* 519; *Wilson·* v. *Bap. Ed. Soc.*, 10 *Barb.* 308; *Syracuse City Bank* v. *Davis*, 16 *Barb.* 188; *Tate* v. *Stooltzfoos*, 16 *Serg. & Rawle*, 35; *Hepburn* v. *Curts*, 7 *Watts*, 300; *Baugher* v. *Nelson*, 9 *Gill*, 299.)

II. The order should be modified in accordance with the · act of 1870.

*Charles E. Miller*, for the respondent.

*By the Court*, CARDOZO, J. The question to be determined is, whether the statute of 1870 (*ch.* 383) is applicable to this petition. If it be not, then the order below vacating the assessment is right; otherwise the order below should be modified by directing that the assessment be reduced by the amount of the unlawful increase of expense included in the assessment, to be ascertained and calculated in the manner pointed out by the statute.

The act above mentioned was passed on the 26th of April, 1870, some months before the petition in this matter was presented. The cases relied on by the respondent's counsel are inapplicable. In *Eager's* case the proofs

had been taken previous to the passage of the statute, and in *Remsen's* case the petition had been presented. It was properly held that as to those cases the statute was inapplicable. But the matter is quite different now. The application here was made under the statutes as they existed when the petition was presented, and must be governed by the law as it stands now. That the statute is applicable to assessments made prior to its passage, and is not unconstitutional, is too clear to require the citation of authorities. The point was distinctly passed upon by Judge INGRAHAM in the *Matter of Beams,* (17 *How. Pr.* 459,) and I have quite recently gone fully over the subject and collated a large number of authorities, in the *Matter of Broadway,* decided at special term, in April last. The order below should be modified accordingly.

Order modified.

[FIRST DEPARTMENT, GENERAL TERM, at New York, April 3, 1871. *Ingraham,* P. J., and *Cardozo,* Justice.]