(113 App. Div. 84)

## In re WATER FRONT OF CITY OF NEW YORK.

### Appeal of AMERICAN ICE CO.

(Supreme Court, Appellate Division, First Department.   May 11, 1906.)

1. EMINENT DOMAIN — CONDEMNATION OF LAND — PROPERTY INTERESTS AFFECTED.

    The petition in proceedings to condemn land by the city of New York, as authorized by Laws 1882, p. 1, c. 410, and amendments, for the purpose of improving the water front of a river, as authorized by Laws 1870, p. 366, c. 137, as amended by Laws 1871, p. 1231, c. 574, and the amendments thereto, referred to all wharfage rights and easements to the lands sought to be taken; and the order appointing the commissioners required them to make an estimate and assessment of the loss to the respective owners and persons respectively entitled to or interested in the wharfage rights, easements, or privileges connected with the property. *Held*, .that it was the duty of the commissioners to determine on the merits whether or not a grantee under a grant of a right of wharfage was entitled to damages in consequence of the taking of the property sought to be acquired.

2. NAVIGABLE WATERS—RIPARIAN RIGHTS—EASEMENTS.

    The grant of a right of wharfage at a wharf adjoining land under water belonging to the grantor carries with it, as a necessary incident and appurtenance, a right of way to the wharf for vessels over the grantor's adjacent land under water.

3. EMINENT DOMAIN — PROCEEDINGS TO CONDEMN LAND — ASSESSMENT OF DAMAGES.

    Where in proceedings by a city to condemn land a person was awarded full damages, irrespective of the right of a third person to claim easements therein, a judgment confirming the award must be set aside, for if the award should be affirmed and the third person subsequently establish a claim, the city would be required to pay damages twice.

4. JUDGMENT—RES JUDICATA.

    Where in proceedings to condemn land the only question involved was whether a third person had any easement in the land sought to be taken for which he should be compensated, a judgment against him in an action in which he claimed to be the owner of the fee did not constitute a bar.

    [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1246.]

Appeal from Special Term, New York County.

Proceedings by the city of New York to acquire wharf property and lands under water necessary for the improvement of the water front of the city on the North river, between Forty-Second and Forty-Third streets.   From an order confirming the report of commissioners of estimate and assessment, the American Ice Company appeals.   Reversed and remanded.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Albert Stickney, for appellant.

James A. Deering, for respondent Forty-Second St. & Grand St. Ferry R. Co.

Theodore Connoly, for respondent City of New York.

HOUGHTON, J.   In furtherance of the plan to improve the water front of the city of New York, as authorized by chapter 137, p. 366, of the Laws of 1870, as amended by chapter 574, p. 1231, of the Laws of

1871, and the amendatory acts thereof, the mayor, aldermen, and commonalty of that city, acting by the department of docks, on the 31st of December, 1894, instituted condemnation proceedings, under chapter 410, p. 1, of the Laws of 1882, and the acts amending the same, to acquire the lands under water and wharf property on the North river, situated between West Forty-Second and West Forty-Third streets, bounded northerly and southerly by the respective sides of those streets, together with all wharfage rights, incorporeal hereditaments, and easements appurtenant thereto. The petition alleged that the respondent, the Forty-Second Street & Grand Street Ferry Railroad Company, was the owner of all the property and rights involved, and the commissioners of estimate and assessment, appointed to appraise the damage, so found, and reported and awarded the sum of $215,000 to the railroad company as damages for all the land under water between the lines of Forty-Second and Forty-Third streets, and the wharfage rights connected therewith. On the hearing before the commissioners, the appellant the American Ice Company appeared, and claimed to be entitled to an award of damages for certain wharfing privileges and easements along the southerly side of Forty-Third street, arising out of an alleged right to maintain a pier at the extension of Forty-Third street, to which right the adjacent lands of the railroad company were claimed to be subservient. This claim was not recognized by the commissioners, and from an order of the Special Term confirming their report the ice company appeals.

Had the commissioners passed upon the merits of the appellant's claim, and concluded to award it nothing, quite different questions would have been presented to us than those which we feel called upon to determine upon this appeal. From the report of the commissioners it appears that they determined to make no award to the ice company, and, in effect, refused to pass upon its rights, because they thought it for the best interests of the city and its present policy to acquire bulkhead rights owned by private parties on Manhattan Island first, and separately, instead of attempting in the same proceeding to acquire the rights of private pier owners, and as they interpreted the petition for the appointment of commissioners, it did not refer to the condemnation of any pier or pier rights, and hence concluded it to be unnecessary to determine whether or not the ice company had any rights for which compensation should be made. The petition did refer to all wharfage rights and easements to the lands lying between the two lines of Forty-Second and Forty-Third streets. The order appointing the commissioners required them to make an estimate and assessment of the loss and damage "to the respective owners," and "persons respectively entitled unto or interested in the wharfage rights, wharf property, terms, easements, or privileges" connected with the property proposed to be taken.

The appellant received whatever title it has from the Knickerbocker Ice Company, which before grant to appellant, and prior to December 29, 1902, brought an action to restrain the respondents, the Forty-Second Street & Grand Street Ferry Railroad Company and the city of New York and all others, from constructing a bulkhead at the foot of Forty-Third street and the North river, or across the water lot lying

between Forty-Second and Forty-Third streets, in accordance with the plan adopted by the department of docks, claiming to be the owner in fee of a dock at the foot of Forty-Third street. It was defeated in that action, on the ground that it had no fee estate, and that judgment was affirmed by this court (85 App. Div. 530, 83 N. Y. Supp. 469), and by the Court of Appeals (176 N. Y. 408, 68 N. E. 864). In both courts the facts respecting the title of appellant's grantor to a pier at the foot of Forty-Third street, or to its right to maintain one at that point, are fully stated, and it is unnecessary to repeat them here.

While it was held that the Knickerbocker Ice Company had no title to the land upon which the pier was erected, or might be erected, the Court of Appeals, in an opinion in which the entire court concurred, says:

"These things are not only inconsistent with the idea that the grant of 1852, under which appellant claims, conveyed an absolute fee, but they speak with most persuasive force of the real purpose and effect of the grant, which was to convey to the grantee the right to maintain a pier, and to collect wharfage, etc., at the foot of Forty-Third street in the Hudson river, wherever that point should be located by lawful authority. It was the incorporeal hereditament attached to the fee, and not the fee itself, that was conveyed. Under this construction of the grant, the rights of all concerned are recognized and preserved. The city holds the title, which it never had the right to alienate. The plaintiff, as the grantee's successor in title, has the right to follow the lawful extension of Forty-Third street for the purpose of maintaining a pier and collecting its revenues."

The respondents insist that this expression of opinion was unnecessary to the decision of the case, and therefore is not controlling upon us. In a sense this is true, but unless the deed of 1852 was absolutely void, it operated to convey something, and it was a very natural and pertinent observation in determining that it did not convey a fee to point out what in fact it did convey. We do not feel at liberty, if so inclined, to ignore this language of the Court of Appeals or its consequent holding. A grant of the right of wharfage is a grant of property, and carries with it, as a necessary incident and appurtenance as part of the grant, a right of way or access to the wharf for vessels over the lands under water. Langdon v. Mayor, etc., of the City of New York, 93 N. Y. 129, 151.

Whether the deed of 1852, which is the source of appellant's title, was invalid because the two branches of the common council did not properly pass the resolution authorizing a sale by the city of the pier right, or, if the resolution was properly passed, whether there was such an intent to pass title to the land upon which the pier was to be erected that no valid easement or wharfage right can be deemed to have been conveyed, or whether the appellant's grantor or the appellant itself has forfeited all or any of the rights which it may have had, or whether the appellant has any rights at all which the city should be compelled to compensate it for, we do not now determine, because those questions were not passed upon by the commissioners. We think they misconstrued the scope of their inquiry, and that they should have determined these questions, and have concluded upon the merits whether or not the appellant had any existing right to maintain a pier at the foot of Forty-Third street, and, if so, what damage resulted from the taking away of that right to the south side of that street or pier at the end thereof, and that

they should not have ignored those rights in making their award to the railroad company.

It is urged that the award to the railroad company should be affirmed because the city does not complain, and that whatever rights the appellant may have can be preserved by a rehearing as to it. The difficulty with that position is that, if the appellant has in fact rights for which it should be compensated, the title of the railroad company to the lands under water between Forty-Second and Forty-Third streets is subservient to such rights. The railroad company has been awarded damages for the full rights and title to lands under water up to the south bounds of Forty-Third street. The ice company and the railroad company received title from a common owner. Whatever pier right existed at Forty-Third street, as well as the water and land rights between Forty-Third and Forty-Second streets, were owned by John LaFarge. The pier right was conveyed by his widow and devisees to the appellant's grantor in 1860. The land and water rights between Forty-Second and Forty-Third streets were conveyed to the respondent railroad company's grantors in 1863 by the same persons. The grant of the right of wharfage at a wharf adjoining land under water belonging to the grantor carries with it, as a necessary incident and appurtenance, and, in legal effect, as part of the grant, a right of way or access to the wharf for vessels over the grantor's adjacent land under water. Langdon v. Mayor, etc., of City of New York, supra. The conveyance to appellant's grantors of the wharf or pier, having been made by the persons then owning the lands adjacent under water, if valid and now existing, gave appellant a right of access to the wharf over the lands under water subsequently conveyed to the grantors of the respondent railroad company. This prior deed was recorded before the subsequent deed was given. The railroad company has been awarded full damages, irrespective of that right. Even if the ice company could compel the city to reimburse it for its rights, the city ought not to be compelled to pay again for rights which it has already paid for in full. If the award to the railroad company shall be affirmed, and the ice company subsequently establish liability on the part of the city, such would be the result.

It is further urged that the judgment against the Knickerbocker Ice Company, appellant's grantor, is a bar to the claim of any right on appellant's part. We do not concur in this view. In that action the plaintiff, claiming to be the owner of the fee of the pier, sought to restrain interference with its property. It was determined that the plaintiff did not have a fee, and the relief asked was denied. Here the only question involved is whether or not the appellant has any easements or incorporeal rights for which it should be compensated.

Without, therefore, determining whether the appellant has any rights for the taking of which it should be compensated, and because the commissioners proceeded upon a wrong theory in ignoring such rights, and in not passing upon the question whether or not any rights existed, and in making a full award to the railroad company irrespective of such rights, we think the order must be reversed, and a rehearing had, with costs to the appellant against the city of New York to abide the event. All concur.