(121 App. Div. 702.)

## In re WATER FRONT OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    November 8, 1907.)

APPEAL—LAW OF THE CASE—SCOPE OF DETERMINATION.

> Where, on prior appeals to the Appellate Division and Court of Appeals from the decision of commissioners of estimate and assessment refusing to consider claimant's right to certain wharf property sought to be taken by a city, the authority to maintain the wharf, etc., conferred on claimant's predecessors in title by the common council of the city was necessarily considered by both courts, though not discussed in the opinion of either, the decisions on appeal constituted the law of the case on such subject, precluding any further contest thereon.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4358–4368.]

> Scott and Lambert, JJ., dissenting.

Appeal from Special Term.

Application by the mayor, etc., of the City of New York for the acquisition of the right and title to certain wharf property, etc., between Forty-Second and Forty-Third streets, and between Twelfth and Thirteenth avenues, in such city. From an order confirming the report of commissioners of estimate and assessment, the American Ice Company appeals. Reversed, and remanded to the commissioners.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Albert Stickney, for appellant.

Theodore Connoly, for respondent.

James A. Deering, for Forty-Second St. & Grand St. R. Co.

PATTERSON, P. J.   In my judgment this matter should be sent back to the commissioners to make a substantial award to the American Ice Company, for it was finally determined in the case of Knickerbocker Ice Co. v. Forty-Second St. R. R. Co., 176 N. Y. 408, 68 N. E. 864, that the plaintiff therein, which was the predecessor in interest of the American Ice Company, had property rights which could not be taken possession of or resumed by the city without proper compensation being made.   It appears that the right of one Lindsay, subsequently acquired by the Knickerbocker Ice Company, to maintain a pier and to exercise the rights pertaining to such maintenance, was partly conferred by a deed executed and delivered in the year 1852, pursuant to asserted authority derived from the common council of the city of New York; and it is now urged that such authority was not conferred, for the reason that the resolution was not adopted by a municipal legislative body constituting a common council at the time such resolution is said to have been passed.   I am of the opinion that that is not an open question in this court or in the Court of Appeals, either as between the American Ice Company and the Forty-Second Street Railroad Company, or as between those corporations and the city.

Mr. Justice SCOTT, in his opinion on the present appeal, is in error in the statement that "the question now discussed was not considered or discussed" in the opinion in the case of the Knickerbocker Ice Co. v. Forty-Second St. R. R. Co.   It was discussed and considered in

this court and in the Court of Appeals, although specific mention is not made of it in the opinion handed down in either court; but it was elaborately argued in this court on the points of counsel, namely, point 5 of counsel for the city, when the case was in this court, and in point 6 of counsel for the city and in subdivision C, point 3, of counsel for the Forty-Second Street Railroad Company, when the cause was in the Court of Appeals. Record of Court of Appeals Cases, vol. 87, Bar Association Library, New York. In the Court of Appeals, construction was given to the deed of 1852, and it is said in the opinion of the court, that, while various matters referred to were inconsistent with the idea that the grant of 1852 conveyed an absolute fee, yet—

"they speak with most persuasive force of the real purpose and effect of the grant, which was to convey to the grantee the right to maintain a pier, and to collect wharfage, etc., at the foot of Forty-Third street in the Hudson river, wherever that point should be located by lawful authority. It was the incorporeal hereditament attached to the fee, and not the fee itself, that was conveyed. * * * The plaintiff, as the grantee's successor in title, has the right to follow the lawful extension of Forty-Third street for the purpose of maintaining a pier and collecting its revenues."

If I understand aright the decision of the Court of Appeals, the effect of the deed of 1852 was declared, and it cannot be that that court would have adjudged that the Knickerbocker Ice Company had property rights which could not be taken without compensation if the original grant under which those rights were acquired was invalid and conferred no title at all; for the point was plainly before that court, earnestly urged, and necessarily required consideration.

In view of the divergence of opinion concerning the question presented by this record, if either party desires, we will certify that question to the Court of Appeals for its consideration.

The order should be reversed, and the matter sent back to the commissioners.

LAUGHLIN and HOUGHTON, JJ., concur.

SCOTT, J. (dissenting). This is a proceeding to condemn certain lands under the waters of the Hudson river between Forty-Second and Forty-Third streets, and in front of Twelfth avenue. The property sought to be acquired is owned by the Forty-Second Street & Grand Street Ferry Railroad Company, and the entire award has been made to them. No question arises between the city of New York and the railroad company. The appellant here is the American Ice Company, which as successor in interest to the Knickerbocker Ice Company claims the right to maintain a pier at the foot of Forty-Third street, and also claims, as appurtenant to that right, a right of way or of access to said pier over the lands under water in this proceeding.

Upon a former appeal it appeared that the commissioners in condemnation had refused to consider the claims of the ice company, and the report was returned to them, with instructions to consider the claims of the appellant and determine them. It now appears that the commissioners have considered the claims asserted by the ice company, and have rejected them. Their report, therefore, comes here again with the entire compensation awarded to the railroad company. A

perusal of the former opinion (113 App. Div. 84, 98 N. Y. Supp. 1063) shows that this court was then very careful to leave open and undecided all the questions arising from the claims asserted by the ice company, and the objections made thereto by the city of New York and the railroad company.   The court said:

"Had the commissioners passed upon the merits of the appellant's claims and concluded to award it nothing, quite different questions would have been presented to us than those which we feel called upon to determine upon this appeal. * * * Whether the deed of 1852, which is the source of appellant's title, was invalid, because the two branches of the common council did not properly pass the resolution authorizing a sale by the city of the pier right, or, if the resolution was properly passed, whether there was such an intent to pass title to the land upon which the pier was to be erected that no valid easement or wharfage right can be deemed to have been conveyed, or whether the appellant's grantor or the appellant itself has forfeited all or any of the rights which it may have had, or whether the appellant has any rights at all which the city should be compelled to compensate it for, we do not now determine, because those questions were not passed upon by the commissioners."

The commissioners have now passed upon the questions expressly reserved, and have answered them adversely to the appellant.   It therefore becomes necessary that we should consider them.

The foundation of the appellant's claim is an alleged grant from the city to Caleb F. Lindsay in 1852.   This grant purported to convey to Lindsay absolutely all the right, title, and interest of the mayor, aldermen, and commonalty of the city of New York of, in, and to a certain pier then existing at the foot of Forty-Third street, North river. Although this grant purported to convey a title in fee, it has been determined by the Court of Appeals that it did not convey such title, but at most only the incorporeal hereditament of the right to maintain the pier and collect the wharfage, etc.   Knickerbocker Ice Company v. Forty-Second Street R. R. Co., 176 N. Y. 408, 68 N. E. 864.   It is now claimed that the pretended grant, even of the right to maintain the pier and collect wharfage, was never legally authorized, and therefore never possessed any legal validity.   This question has never been passed upon and challenges our determination.   The pier which was the subject of the alleged grant lay wholly within the lines of Forty-Third street, as then lawfully established and laid out.   Consequently no valid grant of the right to use or occupy it by any private individual could be made by any city officer, at least without authorization of the common council. At that time the common council of the city of New York consisted of a board of aldermen elected biennially, and a board of assistant aldermen elected annually.   Laws 1849, p. 278, c. 187, § 1.   It follows necessarily that there was a different common council in each year, composed of the aldermen elected for that year or the preceding one and of the assistant aldermen elected only for that year, so that the common council of 1852 was a different body from that of 1851, although it may be that the same aldermen were members of both common councils.   The resolution of the common council purporting to authorize the grant to Lindsay was adopted by the board of aldermen on November 18, 1851, and by the board of assistant aldermen on April 19, 1852.   It is apparent that no common council ever adopted the resolution, for the board of assistant aldermen which voted upon it in 1852 was not in existence and consti-

tuted no part of the common council when the resolution was voted upon by the board of aldermen. It is well settled that in a legislative body consisting of two branches all business not passed upon by both branches falls at the end of the session, and to be legally carried out must be taken up again de novo. This rule has been specifically applied to the common council of the city of New York under the charter of 1849. Wetmore v. Story. 3 Abb. Prac. 262; Id., 22 Barb. 414; Matter of Beams, 17 How. Prac. 459; Beekman's Case, 11 Abb. Prac. 164; People v. Law, 34 Barb. 494. The very question here presented is discussed at great length and with persuasive force in the case first cited.

It is argued that the validity of this grant as to the right to maintain the pier and collect wharfage was passed upon and determined in Knickerbocker Ice Co. v. Forty-Second St. R. R., supra. It is quite true that the opinion in that case does affirm the validity of the grant to this extent; but the question now discussed was not considered or discussed in that opinion, and what was said to the effect that the grant was valid for any purpose was unnecessary to the decision of any questions involved in the appeal, and was clearly obiter dictum. The plaintiff in that case relied upon its claim to a title in fee, and it was conceded on all hands that, unless it had such a title, its action must fail. The complaint had been dismissed below. The judgment was affirmed in the Court of Appeals upon the express ground that the plaintiff, whatever rights it may have had, had no fee title. This was all that was necessary to a decision of the case, and all that was really decided. The present record contains everything necessary to the determination of every question at issue between the parties. All that will remain, even if the appellant's claims should finally be held to be tenable, would be a reapportionment of the value already placed upon the property to be acquired; and, in view of the very serious objection now raised to the appellant's title, we conceive that this litigation, already much protracted, will most satisfactorily and speedily be finally settled if the present report be confirmed.

The order appealed from should therefore be affirmed, with costs to the respondent.

LAMBERT, J., concurs.